WRIGHT *v.* GENESEE CIRCUIT JUDGE.

RESIDENCE—DIVORCE.

> A wife who leaves her husband on account of his cruelty, and takes up her abode in another county, with the intention of remaining there permanently, becomes at once a resident of such county, within the meaning of the divorce laws.

*Mandamus* by Dolina L. Wright to compel Charles H. Wisner, circuit judge of Genesee county, to set aside an order dismissing a petition for temporary alimony. Submitted May 3, 1898. Writ granted May 24, 1898.

*Williams & Wilson*, for relator.

LONG, J. It appears that the petitioner, on April 4, 1898, filed a bill for divorce in the Genesee circuit court, in chancery, against her husband, Henry W. Wright. Defendant lived in Tuscola county, this State, and on April 11th caused his appearance to be entered in said cause, and demanded a copy of the bill. This copy was duly served on the same day, and an application was made for temporary alimony. This application for alimony was set for hearing on April 25th. It appeared on that application that the parties lived together as husband and wife in said Tuscola county until April 3, 1898, when the complainant left her husband on account of his cruel treatment of her, taking with her her two children, and removed into Genesee county adjoining, and on the next day filed her bill for divorce. The circuit court refused to pass upon the merits of the motion, and denied the application for alimony solely on the ground that the complainant had not acquired a residence in Genesee county, and therefore the court had no jurisdiction. This petition is for a writ of *mandamus* to set aside the order so made, and to compel the circuit court to pass upon the merits of the case.

There is no showing in the case but that the complainant, the petitioner here, moved into Genesee county with the *bona fide* intention to make that county her home. She had two older daughters residing in Genesee county at the time she came there, and she at once took up her residence with them, and still continues to reside there. Section 6228, 2 How. Stat., provides that "a divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties, or one of them, reside, or by the court of chancery, on the application by petition or bill of the aggrieved party," etc. Residence means the place where one resides; an abode; a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention. There must be the fact of abode, and the intention of remaining. *Estate of Heron*, 6 Phila. 90. It must be conceded, under the showing made, that the complainant had abandoned her home in Tuscola county. She had the undoubted right to do this by reason of the claim made of her husband's cruel treatment towards her. Having abandoned her residence in Tuscola county, she was at liberty to select another residence. She has selected her residence in Genesee county, and the showing is that she intends to fix that place as her permanent home or abode for the time being. The statute fixes no time that one must occupy a place or home in order to become a resident of a certain locality, when not coming from without the State, except in certain cases; such as acquiring a residence for the purpose of exercising the privileges of an elector, for the purposes of taxation, for gaining a settlement as a pauper, etc. In the present case the complainant was a resident of this State, and had been for many years. She changed her residence from Tuscola to Genesee county. She lost or abandoned her residence in Tuscola county; and the fact that she intends to reside in Genesee county, coupled with the fact that she has established a permanent home there, we think, constitutes her *a resident* of Genesee county, within the meaning of the statute.

The court had jurisdiction of the subject-matter and the parties. The writ must issue as prayed, directing the circuit court to consider the cause upon the merits.

The other Justices concurred.