KAR v NANDA

Docket No. 292754. Submitted November 4, 2010, at Lansing. Decided
     January 13, 2011, at 9:00 a.m.

   Anshuman Kar filed suit for a divorce from Sunaina Nanda in the
   Washtenaw Circuit Court. Defendant moved for dismissal, arguing
   that the court lacked subject-matter jurisdiction because neither
   party had resided in Michigan for 180 days immediately preceding
   the filing of the complaint, as required by MCL 552.9(1). Plaintiff
   traveled for work and did not live in any area of the country for
   long. Defendant lived in Ann Arbor at the time plaintiff filed for
   divorce, but was a citizen of India and she intended to return there
   when she finished graduate school. Her temporary student visa
   was to expire on April 20, 2012. The court, Nancy C. Francis, J.,
   held that it had jurisdiction because defendant had resided in
   Michigan for the required 180 days and the statute did not contain
   a requirement that she intend to maintain future residency in
   Michigan. Defendant appealed.

       The Court of Appeals held:

       Although the ordinary, common meaning of the term "reside"
   does not require an intent to remain permanently or indefinitely,
   "resided," as used in MCL 552.9(1), is interpreted as "residence"
   and defined as "a place of abode accompanied with the intention to
   remain." "Intention to remain" does not mean a commitment to
   stay permanently or indefinitely, but only that a person reside in
   an area permanently enough to have legal relations and responsi-
   bilities. Because defendant lived in Michigan for years before the
   suit was filed, intended to remain until her studies were complete,
   and consistently held long-term leases for housing while she lived
   in the state, she resided in Michigan for the requisite period under
   MCL 552.9(1), and the trial court had jurisdiction over the parties'
   divorce.

       Affirmed.

DIVORCE — JURISDICTION — RESIDENCY — INTENTION TO REMAIN.

   "Resided," as used in MCL 552.9(1), is interpreted as "residence"
   and defined as "a place of abode accompanied with the intention to
   remain"; "intention to remain" does not mean a commitment to

stay permanently or indefinitely, but only that a person reside in an area permanently enough to have legal relations and responsibilities.

*Law Offices of Blake P. Lipman* (by *Blake P. Lipman*) for plaintiff.

*The Law Firm of John F. Schaefer* (by *B. Andrew Rifkin*) for defendant.

Before: SAWYER, P.J., and FITZGERALD and SAAD, JJ.

SAAD, J. In this divorce action, defendant Sunaina Nanda appeals an order that denied defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons set forth below, we affirm.

### I. FACTS AND PROCEEDINGS

Defendant maintains that the circuit court lacks subject-matter jurisdiction because, pursuant to MCL 552.9(1), a court "shall not" grant a judgment of divorce unless the complainant or defendant "has resided in this state for 180 days immediately preceding the filing of the complaint," and according to defendant, neither party meets this residency requirement. The record reflects that plaintiff and defendant are both citizens of India and they married there in 2007. In 2009, while living in Atlanta, Georgia, plaintiff filed the complaint for divorce in Washtenaw County. Plaintiff travels for work and does not live in any area of the country for long. Defendant lived in Ann Arbor when plaintiff filed for divorce, but she denies that she is a "resident" of Ann Arbor because she plans to return to India when she finishes graduate school at the University of Michigan. Defendant's temporary student visa expires on April 30, 2012.

The trial court ruled that it has jurisdiction over the divorce action pursuant to MCL 552.9(1) because defendant lived in Michigan for the required 180 days. The court opined:

> Here, the critical term is "resided," rather than "resident" or ["]residence." It is retrospective. The statute does not contain any requirement of intent to maintain residency in the future. It merely requires that one or the other party must have "resided" (past tense) in Michigan for 180 days, and in the county, for 10 days, prior to any filing for divorce in any Michigan county.

The trial court cited *Kubiak v Steen*, 51 Mich App 408; 215 NW2d 195 (1974), in which this Court interpreted a venue provision in the Child Custody Act, and observed that our courts have construed the term "reside" in both a technical, legal sense of a legal domicile, as well as a commonly understood sense of mere physical presence or place of abode. The court concluded that it would be contrary to the intent of the Legislature to apply a narrow, technical interpretation of the term when the statute itself gives no indication that it was intended to preclude those who have lived in Michigan for 180 days from seeking a divorce in this state.

## II. ANALYSIS

The question whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Atchison v Atchison*, 256 Mich App 531, 534; 664 NW2d 249 (2003). Issues of statutory construction are also questions of law that are reviewed de novo. *Id.* at 534-535. Whether the requirements of MCL 552.9(1) have been satisfied is a question of fact. *Berger v Berger*, 277 Mich App 700, 702; 747 NW2d 336 (2008). Questions of domicile and intent are also questions of fact. *Leader v Leader*, 73 Mich App 276, 283; 251 NW2d 288

(1977). We review factual findings for clear error. *Berger*, 277 Mich App at 702. "A finding is clearly erroneous if, on all the evidence, the Court is left with the definite and firm conviction that a mistake has been made." *Id*.

The relevant text of MCL 552.9(1) provides:

> A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and . . . the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

The statutory residency requirements are jurisdictional, and a divorce is void if it does not comply with the residency requirements. *Stamadianos v Stamadianos*, 425 Mich 1, 3, 6; 385 NW2d 604 (1986).

Plaintiff argues the statute requires a complainant or defendant in a divorce action to simply facially comply with the statute, by being physically present in the state for 180 days before filing for divorce. Defendant maintains the statute requires a party not only to have been physically present in the state for 180 days but also to satisfy the legal definition of residence, which, by her interpretation, requires an intent to remain permanently or indefinitely in the state.

The meaning of "resided" as used in MCL 552.9(1) is an issue of statutory interpretation. This Court construes statutes in order to give effect to the Legislature's intent. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). This Court gives "the words of a statute their plain, ordinary meaning." *Bukowski v Detroit*, 478 Mich 268, 274; 732 NW2d 75 (2007). See also MCL 8.3a. However, "technical words and phrases, and such as may have acquired a peculiar

and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. When a term is undefined by a statute, this Court may look to dictionary definitions to aid its interpretation. *Oakland Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 604; 575 NW2d 751 (1998).

MCL 552.9 does not define the word "resided." *Random House Webster's College Dictionary* (1997) contains the following definition of "reside": "[T]o dwell permanently or for some time; live." It defines "residence" as "the place . . . in which a person lives or resides; dwelling place; home." *Id.* Though the dictionary uses the word "permanently" in its definition of "reside," it qualifies it by also saying "or for some time." Further, the dictionary's definition of "residence" does not imply any requirement of intent to remain. Therefore, the ordinary, common meaning of the term "reside" does not require an intent to remain permanently or indefinitely. However, this Court ruled in *Leader* that "[d]omicile and residence in Michigan are synonymous terms" and that both require an intent to remain. *Leader*, 73 Mich App at 280; *Berger*, 277 Mich App at 703.

In *Wright v Genesee Circuit Judge*, 117 Mich 244; 75 NW 465 (1898), our Supreme Court interpreted an early version of MCL 552.9(1) that read: "a divorce from the bonds of matrimony may be decreed by the circuit court of the county where the parties, or one of them, reside." *Id.* at 245 (quotation marks and citation omitted). In interpreting the word "reside," the *Wright* Court defined the word "residence": "Residence means the place where one resides; an abode; a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention.

There must be the fact of abode, and the intention of remaining." *Wright*, 117 Mich at 245. Thus, the Court in *Wright* held that "residence" requires both physical presence and an intention to remain, though the Court did not define how long a person must intend to remain to fulfill the residence requirement.

Importantly, the early statute as interpreted in *Wright* used the present tense "reside," while the current statute uses the present perfect tense, "has resided." *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009) ("[C]ourts must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute."). Notwithstanding this change, since the *Wright* decision, our courts have regularly substituted the word "residence" for "resided." See, e.g., *Berger*, 277 Mich App at 702-704; *Smith v Smith*, 218 Mich App 727, 730; 555 NW2d 271 (1996). For example, in *Leader*, this Court quoted MCL 552.9(1) as providing a "judgment of divorce shall not be granted [. . .] unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint." *Leader*, 73 Mich App at 277. The Court then proceeded to interpret the meaning of the statute, stating: "Residence in Michigan is defined as a place of abode accompanied with the intention to remain." *Id.* at 280. See also *Berger*, 277 Mich App at 702-704 (explaining the jurisdictional requirement as "residence"); *Smith*, 218 Mich App at 730 (defining the word "residence" to explain the meaning of the term "resided" in the statute and stating "[w]hen used in statutes conferring jurisdiction, residence is interpreted to mean legal residence or domicile."). Therefore, while the word at

issue is "resided," this Court has used the term "residence" to discuss its meaning under MCL 552.9(1).

Because our Court has equated "resided" with residence and domicile, both of which require an intent to remain, we must consider the meaning of "intent to remain." *Leader*, 73 Mich App at 280. In *Smith*, 218 Mich App at 730, this Court stated, "The issue of legal residency is principally one of intent." In *Berger*, the defendant argued that the plaintiff did not meet the jurisdictional 10-day county residency requirement because she was not physically present in the county for all 10 days before filing for divorce. *Berger*, 277 Mich App at 702. This Court adopted the *Leader* analysis and held that the residency requirement was satisfied, stating, "We do not agree with defendant's argument that MCL 552.9(1) requires plaintiff's continuing physical presence in Jackson County for the 10 days immediately preceding filing for divorce." *Id.* at 703. The *Berger* Court cited *Leader*'s definition of "resided" and noted the case establishes "two important principles"—that intent is the preeminent factor for determining residence and also that an already established domicile is not destroyed by a temporary absence when there is no intention to change domicile. *Id.* at 703-704.

The Court in *Leader* did not define the word "intent" or explain the specific kind of intent that is required to meet the "resided" requirement of MCL 552.9(1). It merely stated there must be an "intention to remain." *Leader*, 73 Mich App at 280. The *Leader* Court ruled that, under its facts, jurisdiction in Michigan was proper despite the plaintiff's four-month absence from the state. The plaintiff in *Leader* traveled to Kentucky, where her husband was living, to attempt a reconciliation. *Id.* at 278. However, the plaintiff doubted a reconciliation would be possible, and after two weeks she

knew she wanted a divorce. *Id.* The plaintiff remained in Kentucky for four months only because she did not want to leave her children. *Id.* This Court ruled that the plaintiff never intended to make Kentucky her place of residence because, when she moved there, she expected to return to Michigan. *Id.* at 283. The *Leader* Court concluded that the intent required for jurisdiction under MCL 552.9(1) is an intent to make a place his or her residence, defined as "a place of abode accompanied with the intention to remain." *Id.* at 280.

Though our caselaw holds that intent is a key factor under MCL 552.9(1), we disagree with defendant's position that "intention to remain" requires that a party intend to remain "permanently or indefinitely," and our courts have never so held. To the contrary, for several reasons, we interpret "intention to remain" to mean something less than a commitment to stay permanently or indefinitely. Though, again, intent is a consideration for jurisdiction under MCL 552.9(1), the Legislature's use of the present perfect tense "has resided" cannot be ignored. The use of the term "resided" shows the Legislature did not intend to base a jurisdictional finding on conduct after the filing of the action for divorce. Indeed, the cases that define "resided" focus on the party's intent and conduct at and prior to the time of filing. See, e.g., *Leader*, 73 Mich App at 283; *Berger*, 277 Mich App at 702-704. Further, the Legislature's use of the term "resided" must be considered intentional and it is well-settled that the Legislature is presumed to mean what it says in a statute. *Detroit v Dep't of Social Servs*, 197 Mich App 146, 157; 494 NW2d 805 (1992). It is also axiomatic that courts " 'may not read into the statute what is not within the Legislature's intent as derived from the language of the statute.' " *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010),

quoting *AFSCME v Detroit*, 468 Mich 388, 400; 662 NW2d 695 (2003). Thus, we decline to read language or requirements into the statute to require a continuing intention to remain permanently in the state when it is not manifest within the language used by the Legislature.

We further hold that policy considerations favor a reading of MCL 552.9(1) that confers jurisdiction in this case. If we adopted defendant's interpretation of "intent to remain," jurisdiction would be lacking when a person clearly lives in Michigan and has been physically present, as here, well beyond the statutory time period but some evidence suggests that he or she plans to move at some point in the future. And, if jurisdiction can be defeated on the basis of a mere intent to eventually leave, many people who currently live in Michigan will lack a forum to litigate disputes. This case is but one example: If the trial court here does not have jurisdiction over the parties' divorce, then there is no court anywhere in the United States that has jurisdiction. Thus, the parties will be unable to obtain a divorce in the United States despite the fact that both parties currently live in the United States, defendant intends to remain in the United States for at least another two years, and plaintiff plans to permanently reside here.

Moreover, because the Court in *Kubiak* interpreted "reside" in accordance with its popular meaning, which requires only physical presence, it would cause further jurisdictional complications to interpret *Leader* and its progeny to require a permanent or indefinite intent to remain. If *Leader* is interpreted as defendant advocates, a court could have jurisdiction over a child custody dispute under *Kubiak*, but the same court would not have jurisdiction to grant a divorce. It would be both nonsensical and a waste of judicial resources for the

same court to lack the ability to adjudicate all matters relating to the division of a family.

Defendant suggests that a divorce ruling in Washtenaw County could be collaterally attacked pursuant to *Williams v North Carolina*, 325 US 226, 236; 65 S Ct 1092; 89 L Ed 1577 (1945). In *Williams*, the United States Supreme Court ruled that "one State can grant a divorce of validity in other States only if the applicant has a *bona fide* domicil in the State of the court purporting to dissolve a prior legal marriage." *Id.* at 238. Our holding that the term "resided" in MCL 552.9(1) does not require an intent to remain permanently and indefinitely is compatible with *Williams*, which defines "domicile" as "a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance." 325 US at 229. Even without a permanent or indefinite plan to stay in a particular state or county, a stay of some duration certainly meets the definition of "such permanence as to control the creation of legal relations and responsibilities of the utmost significance." As discussed, MCL 552.9(1) requires a person to have "resided," and "resided" requires physical presence plus an "intention to remain." *Leader*, 73 Mich App at 280-281. A person who is physically present and intending to remain in an area likely owns property or has a lease for housing, either of which undoubtedly creates "legal relations and responsibilities of the utmost significance." *Id.* at 281; *Williams*, 325 US at 229. The *Williams* definition suggests that if a person is in an area permanently enough to have legal relations and responsibilities, then the person is domiciled in that area. Here, defendant has consistently held long-term leases for housing and has arguably established other legal relations while living in this state for several years.

For the above reasons, though our courts have held that the "resided" requirement in MCL 552.9(1) constitutes "a place of abode accompanied with the intention to remain," *Leader*, 73 Mich App at 280, it does not require an intention to remain permanently and indefinitely. Accordingly, though defendant intends to leave the state once her studies are completed in 2012, there is no dispute that she lived in Michigan for years before the divorce complaint was filed, far longer than the 180-day statutory requirement, and, when the action was filed, she intended to remain in the state for several more years. Defendant clearly "resided" in this state for the requisite period under MCL 552.9(1), and the trial court correctly ruled that it has jurisdiction over the parties' divorce.

Affirmed.