# STATE OF MICHIGAN

# COURT OF APPEALS

RAJ KAMAL GOVINDARAJULU,

       Plaintiff/Counter Defendant-
       Appellant,

v

SANGEETHA SUNDARARAJAN,

       Defendant/Counter Plaintiff-
       Appellee.

UNPUBLISHED
April 12, 2016

No. 325822
Oakland Circuit Court
LC No. 2014-822159-DM

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's grant of a default judgment of divorce in favor of defendant. We affirm.

The parties have one minor son and lived together in their marital home in Novi, Michigan. In 2013, the parties traveled to India with their son to attempt reconciliation of their marriage. In March 2014, defendant returned to Michigan because her green card was set to expire, but shortly thereafter returned to India to continue working toward reconciliation with plaintiff. However, when she returned, plaintiff had left India with the parties' son. Plaintiff changed his phone number and his parents would not give defendant any information about his whereabouts. She later discovered that plaintiff and the minor child were living in Texas. She returned to Michigan on July 8, 2014. On July 28, 2014, plaintiff filed a complaint for divorce in Michigan, alleging that he and defendant resided in Novi, Michigan. On August 22, 2014, plaintiff filed a counterclaim, alleging that her residence was in Michigan, but denying defendant's residency. After filing for divorce, plaintiff took the minor child back to India, where they stayed throughout the remainder of the proceedings. Plaintiff filed a motion challenging jurisdiction, alleging that neither he nor defendant had resided in Michigan prior to his filing for divorce or the filing of defendant's counterclaim. The trial court denied the motion, and entered a default judgment of divorce. Plaintiff appeals.

Plaintiff first argues that the trial court lacked subject matter jurisdiction over this case. "The question whether a court has subject-matter jurisdiction is a question of law that we review de novo." *Kar v Nanda*, 291 Mich App 284, 286; 805 NW2d 609 (2011). Whether the requirements of MCL 552.9(1) have been satisfied is a question of fact. *Berger v Berger*, 277

-1-

Mich App 700, 702; 747 NW2d 336 (2008). "Questions of domicile and intent are also questions of fact." *Kar*, 291 Mich App at 287, citing *Leader v Leader*, 73 Mich App 276, 283; 251 NW2d 288 (1977). We review factual findings for clear error. *Berger*, 277 Mich App at 702. "A finding is clearly erroneous if, on all the evidence, the Court is left with the definite and firm conviction that a mistake has been made." *Id*.

Plaintiff specifically argues that the trial court lacked subject matter jurisdiction over both his own complaint as well as defendant's counterclaim because neither party met the 180-day state residency requirement or the 10-day county residency requirement of MCL 552.9(1). MCL 552.9(1) provides:

A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and, except as otherwise provided in subsection (2), the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

"The statutory residency requirements are jurisdictional, and a divorce is void if it does not comply with the residency requirements." *Kar*, 291 Mich App at 287. "Residence" is "a place of abode accompanied with the intention to remain." *Leader*, 73 Mich App at 280. Further, "the ordinary, common meaning of the term 'reside' does not require an intent to remain permanently or indefinitely," but it does require "an intent to remain." *Kar*, 291 Mich App at 288.

A review of the record reveals that it is undisputed that, at the start of both the state and county residency periods, neither plaintiff nor defendant was physically located in Michigan or Oakland County. However, a party's "continuing physical presence" in the state or county for the entirety of the state and county residency periods is not required by MCL 552.9(1). *Berger*, 277 Mich App at 703; *Leader*, 73 Mich App at 283. "[D]etermining residence or domicile requires a multi-factor analysis, but the preeminent factor is the person's intent." *Berger*, 277 Mich App at 704. Further, "an established domicile is not destroyed by a temporary absence if the person has no intention of changing his or her domicile." *Id*. While addressing the 10-day county residency requirement of MCL 552.9, the *Berger* Court held that a temporary absence from the county during the jurisdictional period did not defeat jurisdiction, holding that when the plaintiff "establish and intended" the county to be her residence, "her temporary absence did not change it." *Berger*, 277 Mich App at 703.

In *Leader*, the plaintiff and the defendant "had lived in Michigan for a substantial period of time." *Leader*, 73 Mich App at 278. But in October 1975, the plaintiff left Michigan and traveled to Kentucky with the defendant until January 1976. *Id*. The plaintiff testified that she traveled to Kentucky at the defendant's request to attempt reconciliation. *Id*. The plaintiff added that she had no intent of staying in Kentucky, or anywhere else with the defendant, unless the couple reconciled. *Id*. Even though it was clear that the reconciliation would be unsuccessful, the plaintiff stayed in Kentucky because she did not want to leave her children without a mother and because the defendant was threatening her. *Id*. The *Leader* Court concluded that, based on the plaintiff's intent, her residence remained in Michigan even though she was physically present in Kentucky for most of the jurisdictional period. *Id*. at 278, 280.

-2-

*Leader* is instructive on the case at bar. Here, plaintiff was absent from the state and county for a majority of the residency requirements preceding the filing of the plaintiff's complaint or her counterclaim. However, like the facts in *Leader*, defendant was absent from Michigan and from Oakland County due mainly to plaintiff's actions, and it was her intention to remain. Defendant testified that she lived in her marital home in Novi before the statutory period began, and while she was visiting India it was always her intention to return to the marital home in Novi, but she could not due to plaintiff's actions of taking her son, locking her out of the marital home, emptying their joint bank accounts, and threatening and harassing her via e-mail. Defendant went to India to work on the parties' marital problems with family and did not intend to remain in India, as evidenced by her return trip to Michigan to maintain her green card status. Consistent with her stated intention of residing in Michigan, defendant ultimately returned to Michigan and attempted to continue residing in the marital home even though she did not know where plaintiff and her son were living. Also significantly, in the complaint and counterclaim for divorce, plaintiff and defendant each averred that defendant had resided in Michigan and Oakland County for the requisite statutory period.

Ultimately, resolution of the issue of jurisdiction involved a credibility determination and the trial court found defendant's testimony regarding her intent to reside in Michigan to be more credible than plaintiff's testimony. Indeed, there were significant facts that likely impacted the trial court's determination of plaintiff's credibility, including that plaintiff had not been present for the entire pendency of the proceeding despite multiple court orders, including a bench warrant for his arrest, had fled the country with the parties' son, and was in fact facing charges of criminal kidnapping of the minor child. After careful scrutiny of the record, and giving deference to the trial court's superior fact-finding ability, we are not left with a definite and firm conviction that the trial court erred when it found that defendant satisfied the residence requirements of MCL 552.9(1) under the specific circumstances of this case. See MCR 2.613(C); *Berger*, 277 Mich App at 715. Thus, subject matter jurisdiction was proper.

While only one party must satisfy the residency requirements set forth in MCL 552.9(1), we note that we do not agree with plaintiff that the trial court erred in determining that he was also a resident of Michigan and Oakland County. While plaintiff stated in his complaint for divorce that he satisfied the jurisdictional requirements, he later challenged the veracity of his own complaint. Plaintiff blamed his own counsel for misinforming him of the jurisdictional requirements and provided documents purporting to show that he was never physically in Michigan for any of the 180-day statutory period because he flew directly from India to Texas. But plaintiff's counsel informed the trial court that plaintiff told him that his residence was in Novi, Michigan and that he would only be in Texas temporarily for a work assignment. The trial court credited plaintiff's counsel and relied on the plain language of the complaint that plaintiff himself executed and filed, finding that plaintiff's absence from Michigan did not defeat jurisdiction under those circumstances. It should be noted that the trial court never had the opportunity to hear testimony from plaintiff because he never appeared before the court despite multiple orders. Again, giving deference to the trial court's superior fact-finding ability, we are not left with a definite and firm conviction that the trial court erred when it found that plaintiff also satisfied the residence requirements of MCL 552.9(1). See MCR 2.613(C); *Berger*, 277 Mich App at 715.

Plaintiff next argues that the trial court abused its discretion and failed to follow the procedures required in MCL 552.9f, when it did not address the 6-month waiting period and made no finding of undue hardship or compelling necessity to waive the period. Plaintiff failed to raise this claim of error at the hearing or in a subsequent motion to set aside the default judgment. Thus, this argument is not preserved. *Porter v Porter*, 285 Mich App 450, 464; 776 NW2d 377 (2009). However, we may review unpreserved issues if the question presented is one of law concerning which the necessary facts have been presented. *Duffy v Dep't of Natural Resources*, 490 Mich 198, 209 n 3; 805 NW2d 399 (2011). Questions of law are reviewed de novo. *Matley v Matley*, 234 Mich App 535, 537; 594 NW2d 850 (1999), vacated on other grounds 461 Mich 897 (1999).

MCL 552.9f provides as follows:

No proofs or testimony shall be taken in any case for divorce until the expiration of 60 days from the time of filing the bill of complaint, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony. In every case where there are dependent minor children under the age of 18 years, no proofs or testimony shall be taken in such cases for divorce until the expiration of 6 months from the day the bill of complaint is filed. *In cases of unusual hardship or such compelling necessity as shall appeal to the conscience of the court, upon petition and proper showing, it may take testimony at any time after the expiration of 60 days from the time of filing the bill of complaint.* Testimony may be taken conditionally at any time for the purpose of perpetuating such testimony. When the defendant in any case for divorce is not domiciled in this state at the time of commencing the suit or shall not have been domiciled herein at the time the cause for divorce arose, before any decree of divorce shall be granted the complainant must prove that the parties have actually lived and cohabited together as husband and wife within this state, or that the complainant has in good faith resided in this state for 1 year immediately preceding the filing of the bill of complaint for divorce. [Emphasis added.]

"The failure to comply with the statute does not render the judgment of divorce void *ab initio*, but renders it voidable in a proper proceeding for that purpose." *Calo v Calo*, 143 Mich App 749, 753; 373 NW2d 207 (1985). Judgments that are merely voidable "may be set aside upon a timely application in the same proceedings as a matter of judicial discretion." *Abbott v Howard*, 182 Mich App 243, 247; 451 NW2d 597 (1990).

Here, the trial court failed to address waiver of the statutory period on the record. However, we conclude that reversal or setting aside of the judgment would be harmless because there was significant evidence in the record to support waiver of the statutory waiting period. Plaintiff filed his complaint for divorce on July 28, 2014. The trial court took proofs and ultimately entered a default judgment of divorce on January 12, 2015—16 days before the expiration of the statutory 6-month waiting period. During the pendency of this divorce case plaintiff never appeared before the court despite being ordered to do so repeatedly. Plaintiff even stopped communicating with his own attorney and did not give the court an address for himself and the minor child. The trial court resorted to appointing a Guardian Ad Litem (GAL) to track

-4-

down plaintiff and the parties' minor child, who defendant had not seen since March 2014. The GAL worked with police and was able to find out that plaintiff had fled the United States and taken the minor child to India. On October 6, 2014, the Novi police issued an arrest warrant for plaintiff for parental kidnapping but stated if plaintiff returned the child to Michigan, the charges would be dropped. Plaintiff did not return to Michigan. Finally, the GAL reported that on November 14, 2014, police informed her that plaintiff had not responded to their e-mail request so they were commencing the extradition process. Thus, the record reflects that there were exigent circumstances involved in this case concerning the whereabouts and the safety and well-being of the parties' minor child that constituted both "unusual hardship" and "compelling necessity" that "appeal[ed] to the conscience of the court." MCL 552.9f.

Finally, plaintiff argues that the trial court violated his due process rights when it denied his motions to dismiss his own complaint and defendant's counterclaim for lack of jurisdiction without allowing his counsel the opportunity to present all of his evidence or question defendant. We disagree. Plaintiff failed to raise this argument in the trial court, so the issue is unpreserved. *Porter*, 285 Mich App at 464. Unpreserved claims of constitutional error are reviewed for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).

Due process generally requires "notice of the nature of the proceedings and a meaningful opportunity to be heard by an impartial decision maker." *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005). Here, the record is clear that the trial court safeguarded plaintiff's due process protections. Plaintiff chose not to attend the hearing, so by his own choosing he could not personally be heard on the matter. However, plaintiff's attorney not only attended the hearing but represented plaintiff's position zealously. Plaintiff's counsel presented plaintiff's argument regarding the trial court's lack of subject matter jurisdiction due to the residency requirements, strenuously voiced objections to defendant's position, and presented documentary evidence allegedly in support of plaintiff's position. Thus, the trial court allowed plaintiff a full and fair opportunity to present his case. Therefore, we conclude that there is nothing in the record that establishes that error occurred with regard to plaintiff's due process rights.

Affirmed. Defendant, the prevailing party, may tax costs. MCR 7.219.


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood