*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF MARTEL ROBERTSON, by
LEOLA ROBERTSON, Personal Representative,

UNPUBLISHED
January 22, 2019

Plaintiff-Appellee,

v

No. 337961
Wayne Circuit Court
LC No. 15-010455-NI

LADARIUS DEANGELO JOHNSON,

Defendant,

and

U-HAUL CO. OF MICHIGAN, also known as
2013 U-HAUL TITLING 1, LLC,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

O'BRIEN J. (*dissenting*)

The majority believes that plaintiff is asserting a claim for "negligent leasing under MCL 257.401(3)," and holds that such a claim is permissible. I cannot agree. Plaintiff expressly disavowed that she is asserting a claim under MCL 257.401(3), and she repeatedly stressed that she is asserting a claim for common-law negligence. Because plaintiff cannot establish a duty that U-Haul owed Martel Robertson aside from its duty under a negligent-entrustment theory, I would hold that her claim fails as a matter of law. For these reasons, I respectfully dissent.

In plaintiff's brief on appeal, she states, "Ms. Robertson is not contending that MCL 257.401(3) *creates* a cause of action against U-Haul for the negligence of its agents committed during the [course] of a rental agreement." There is no other way to read this statement: contrary to the majority's opinion, plaintiff is *not asserting a claim under MCL 257.401(3)*. Instead, plaintiff is asserting a claim for ordinary negligence undertaken by the lessor during the course of its lease. She makes this abundantly clear throughout her brief:

- "Instead, plaintiff argued that U-Haul was liable on a claim of ordinary negligence associated with the renting of its vehicle."

- "What Ms. Robertson argued, instead, is that U-Haul could be found liable for the negligence of its agents under fundamental principles of Michigan common law."

- "U-Haul completely fails to explain why it should be found immune from a claim of ordinary negligence under the facts of this case."

- "Nor is there a Michigan case that establishes that a leasor [sic] of a vehicle is somehow immune from a claim of ordinary negligence as U-Haul appears to claim in this appeal."

After stating that she is not contending that MCL 257.401(3) creates a cause of action, plaintiff explains that her reason for citing MCL 257.401(3) is to support that she has a claim against U-Haul under a theory of common-law negligence:

> Ms. Robertson is not contending that MCL 257.401(3) *creates* a cause of action against U-Haul for the negligence of its agents committed during the [course] of a rental agreement. What she is arguing, instead, is that MCL 257.401(3) *recognizes* the existence of such a claim of negligence. Since U-Haul is of the view that this Court should adopt a rule of law holding that it cannot be sued for negligence "in the leasing of a [motor] vehicle," *MCL 257.401(3) is significant for the common-law right that it recognizes*, not for any cause of action that it purportedly *creates*. [Some emphasis added.]

Thus, plaintiff is clear that her reference to MCL 257.401(3) is to show that it recognizes a cause of action for common-law negligence against a lessor; she is not contending that it creates a cause of action. And in this respect, I agree with plaintiff.

> MCL 257.401(3) provides as follows:

> Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. *Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle*, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident. [Emphasis added.]

I disagree with the majority that the italicized portion of MCL 257.401(3) creates a cause of action. Before this statute was passed, a lessor of a motor vehicle was liable for negligence when leasing the motor vehicle. Indeed, the statute was passed because lessors of motor vehicles were

*too* liable when leasing their motor vehicles. See *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App 181, 189; 607 NW2d 417 (1999) (explaining that "the legislative intent in enacting MCL 257.401(3) [was] to lessen the extraordinary losses to which (short-term) lessors were being subjected when they had no control over the vehicle after it was leased"). All that the exception in MCL 257.401(3) does is recognize that a lessor can still be liable for ordinary negligence—like lessors could be before the statute was passed—"in the leasing of a motor vehicle."

Any other interpretation of MCL 257.401(3) runs against the clear intent of the Legislature. MCL 257.401(5) states that MCL 257.401(3) "*shall not be construed to expand* or reduce, except as otherwise provided by this act, *the liability of a person engaged in the business of leasing motor vehicles . . . .*" (Emphasis added.) Yet the majority does just that. The majority states that "by not limiting damages arising from negligent leasing"—presumably referring to the language in MCL 257.401(3) that "[u]nless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle"—"the Legislature signaled its recognition that negligence in the leasing process was one area where the general public needed additional protection."[1] It then takes this purpose and holds that it establishes that U-Haul owed a duty to Martel. In so doing, the majority construes MCL 257.401(3) to expand the liability of lessors of motor vehicles in a way that is not provided in the act, which is in direct contradiction of the plain language of MCL 257.401(5).

As MCL 257.401(3) does not create a cause of action, the question on appeal is whether U-Haul owed plaintiff a duty under common-law negligence.[2]

"Generally, the duty that arises when a person actively engages in certain conduct may arise from a statute, a contractual relationship, or by operation of the common law[.]" *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660-661; 822 NW2d 190 (2012).

---

[1] I do not comprehend how the Legislature's statement in MCL 257.401(3) "signaled" anything other than that the limits discussed in the second sentence of MCL 257.401(3) do not apply if a lessor is "negligent in the leasing of the motor vehicle." See *Kar v Nanda*, 291 Mich App 284, 291; 805 NW2d 609 (2011) (explaining that "it is well-settled that the Legislature is presumed to mean what it says in a statute"); *Book-Gilbert v Greenleaf*, 302 Mich App 538, 542; 840 NW2d 743 (2013) ("The courts may not read into the statute a requirement that the Legislature has seen fit to omit").

[2] Notably, plaintiff *only* argues on appeal that U-Haul owed Martel a common-law duty. Plaintiff has never argued—either in the trial court or on appeal—that U-Haul owed a duty to plaintiff arising under MCL 257.401(3). By failing to do so, plaintiff has waived the argument. See *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008) (explaining that issues that are not raised in the trial court are waived for appellate review). Without any explanation, the majority premises its holding on an issue that has clearly been waived. Even more troubling, as plaintiff has never made the statutory-duty argument relied on by the majority, U-Haul has never had an opportunity to respond to that argument. This is fundamentally unfair to U-Haul.

Plaintiff does not point to any statute or contractual relationship giving rise to U-Haul's duty to the general public. Instead, plaintiff argues that U-Haul was negligent based on the following common-law rule stated in *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967):

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. The duty may arise specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others. This rule of the common law arises out of the concept that every person is under the general duty to so act, or to use that which he controls, as not to injure another.

Relying on this passage, and without any further explanation, plaintiff concludes that "[s]ince U-Haul's agents were engaged in an undertaking associated with the rental of the pick-up truck, they owed a duty of due care 'to so govern [their] actions as not to unreasonably endanger the person or property of others.' "

But this broad interpretation of *Clark* was squarely rejected by our Supreme Court in *In re Certified Question from Fourteenth Dist Court of Appeals of Texas*, 479 Mich 498; 740 NW2d 206, 212 (2007). There, our Supreme Court explained:

> Plaintiffs and Justice CAVANAGH rely on the following two statements found in *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967): "duty . . . may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others" and "every person is under the general duty to so act, or to use that which he controls, as not to injure another." However, they read these statements out of context. First, these statements immediately follow the statement that "[a]ctionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law." *Id*. at 260-261. Although Justice CAVANAGH quotes this sentence, he fails to give it any meaning. Second, the Court subsequently addressed whether a relationship existed between the parties before it concluded that a duty was owed. *Therefore, contrary to plaintiffs' and Justice CAVANAGH's suggestion,* Clark *does not stand for the proposition that everybody owes a duty to everybody else.* [*In re Certified Question*, 479 Mich at 509 n 10 (emphasis added).]

Like in *In re Certified Question*, plaintiff here relies on *Clark* for the wrongful proposition that U-Haul owed a duty to everyone—even if U-Haul did not have any legal relationship to them—because U-Haul undertook an act. Compare *Moning v Alfono*, 400 Mich 425, 438-439; 254 NW2d 759 (1977), citing *Clark*, 379 Mich at 260 ("Duty is essentially a question of whether *the relationship* between the actor and the injured person gives rise to any legal obligation on the

actor's part for the benefit of the injured person.") (Emphasis added.) The inquiry into whether a duty exists is not so simple.

The proper test that courts are to employ before finding a duty was summarized in *In re Certified Question*, 479 Mich at 508-509, as follows:

> [I]n determining whether a defendant owes a duty to a plaintiff, competing policy factors must be considered. Such considerations include the relationship of the parties, the foreseeability of the harm, the burden that would be imposed on the defendant, and the nature of the risk presented. Where there is no relationship between the parties, no duty can be imposed, but where there is a relationship, the other factors must be considered to determine whether a duty should be imposed.

Applying this test, I would conclude that U-Haul did not have a relationship with Martel. Indeed, no one appears to contend otherwise. The only question is whether U-Haul had a relationship to the general public giving rise to a duty to Martel. I would conclude that U-Haul did not.

This is not to say that U-Haul was under no duty to the general public when it rented a motor vehicle; an owner or lender of a motor vehicle has a common-law duty "to refrain from placing it in the hands of a known unfit or incompetent driver for operation on our public highways." *Perin v Peuler*, 373 Mich 531, 535; 130 NW2d 4 (1964), overruled on other grounds by *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999). In other words, U-Haul owed a duty to the public under a negligent-entrustment theory. But this was U-Haul's only recognized duty to the general public; there is no statute, contractual relationship, or common-law rule giving rise to a different duty U-Haul owed to the general public, or to Martel, under these facts. See *Hill*, 492 Mich at 660-661. Thus, either plaintiff is asserting a claim for negligent entrustment—which she admits she cannot sustain—or her claim fails as a matter of law because U-Haul had no relationship to the general public giving rise to a duty to Martel, see *In re Certified Question*, 479 Mich at 508-509, other than the duty imposed under a negligent-entrustment theory, see *Perin*, 373 at 535. Either way, summary disposition should be granted to U-Haul.

For these reasons, I respectfully dissent.


/s/ Colleen A. O'Brien