*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM MORRIS MORROW,

Plaintiff-Appellee,

v

SANDRA LYNN MORROW,

Defendant-Appellant.

UNPUBLISHED
May 23, 2024

No. 365328
Missaukee Circuit Court
LC No. 2021-010451-DO

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

Plaintiff filed for divorce from defendant, and defendant challenged the trial court's jurisdiction. The trial court denied defendant's motion and ultimately entered a judgment of divorce. We affirm.

The parties were married in 1989 and lived together in Kent County. From approximately October 1 to October 3, 2021, plaintiff stayed with his sister in Missaukee County, during which time he changed his official mailing address with the post office and the Secretary of State, along with changing his voter registration and obtaining a post office box. Plaintiff had his own room at his sister's house and moved some of his belongings there. Plaintiff intended to remain in Missaukee County once he retired and would no longer need to stay in Kent County for work. Plaintiff returned to the marital home and then filed his complaint for divorce in Missaukee County on October 18, 2021.

Defendant moved the trial court to dismiss the case for lack of jurisdiction on the basis that plaintiff had not resided in Missaukee County for the required 10 days before filing for divorce. In response, plaintiff asserted that he had resided in Missaukee County as of October 1, 2021. With his response, he included an affidavit explaining the steps that he had taken to change his residence, along with a voter-registration receipt, showing his voting jurisdiction was in Missaukee County; a copy of his driver's license with a change of address, showing an address for Lake City, in Missaukee County; and a receipt for payment of a post office box in Lake City.

The trial court held a hearing on the motion. Plaintiff testified that he would soon be retiring and that his "abode" was in Missaukee County. Plaintiff testified that he had been moving

-1-

his belongings and checking his mail in Missaukee County, but he had to return to Kent County to work. Defendant testified that plaintiff had not moved his personal items from Kent County and that his schedule remained the same, including going to work in the morning and coming to their home in Kent County at night to sleep. After plaintiff filed for divorce, he told defendant that he wanted to live in Missaukee County to be near his family. The trial court found plaintiff had "been physically present the majority of the time over the last few months in Kent County," but he had the intent to reside in Missaukee County and was only present in Kent County for work. The trial court denied defendant's motion and ultimately entered a judgment of divorce.

Defendant now appeals.

MCL 552.9(1) provides that a court shall not grant a judgment of divorce "unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and, except as otherwise provided in subsection (2)[1], the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint." These "statutory residency requirements are jurisdictional, and a divorce is void if it does not comply with the residency requirements." *Kar v Nanda*, 291 Mich App 284, 287; 805 NW2d 609 (2011). "[J]urisdiction cannot be conferred by waiver or consent of the parties." *Smith v Smith*, 218 Mich App 727, 733; 555 NW2d 271 (1996).

Statutory interpretation is a question of law which this Court reviews de novo. *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "Whether the requirements of MCL 552.9(1) have been satisfied is a question of fact," which this Court reviews for clear error. *Kar*, 291 Mich App at 286-287. "A finding is clearly erroneous if, on all the evidence, the Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 287 (citation omitted).

"With respect to statutory interpretation, this Court is required to give effect to the Legislature's intent. The Legislature is presumed to intend the meaning clearly expressed, and this Court must give effect to the plain, ordinary, or generally accepted meaning of the Legislature's terms." *D'Agostini Land Co, LLC v Dep't of Treasury*, 322 Mich App 545, 554; 912 NW2d 593 (2018) (citation omitted). "The meaning of 'resided' as used in MCL 552.9(1) is an issue of statutory interpretation." *Kar*, 291 Mich App at 287. When technical words and phrases have acquired "a peculiar and appropriate meaning in the law," this Court shall construe the words according to that meaning. *Id*. at 287-288 (quoting MCL 8.3a).

The term "resided," as used in MCL 552.9(1), requires "physical presence plus an intention to remain." *Kar*, 291 Mich App at 293 (cleaned up). The statute does not, however, "require a party's continuing physical presence in the state for the entirety of the state residency period." *Ramamoorthi v Ramamoorthi*, 323 Mich App 324, 332; 918 NW2d 191 (2018) (cleaned up). The "preeminent factor" when determining a person's residence is that person's intent. *Berger v*

---

[1] Subsection (2) relates to actions that involve at least one minor child, a defendant who "was born in, or is a citizen of, a country other than the United States of America," and there is reason to believe there is a risk of the defendant taking the child out of the country. This provision is not relevant to this appeal.

*Berger*, 277 Mich App 700, 704; 747 NW2d 336 (2008). "[A]n established domicile is not destroyed by a temporary absence if the person has no intention of changing his or her domicile." *Id.*

The clear error standard requires substantial deference to the trial court's findings of fact. Unlike this Court, the trial court has the best vantage point for weighing competing evidence, making credibility determinations, and ultimately making a finding of fact. On our review of this record, we cannot conclude that the trial court clearly erred by finding that plaintiff had established his residency in Missaukee County for the required 10 days before filing for divorce. See MCL 552.9(1); *Kar*, 291 Mich App at 286-287. Plaintiff provided an affidavit in response to defendant's motion to dismiss for lack of jurisdiction in which he unambiguously declared that he resided in Missaukee County and intended to reside there, as of October 1, 2021. Plaintiff additionally established that he had changed his voter registration and mailing address in addition to taking some belongings to Missaukee County. Plaintiff testified consistently with this stance at the motion hearing.

Defendant does not dispute that plaintiff intended to reside in Missaukee County after he retired, but argues that he did not actually live there in the 10 days before filing for divorce. Plaintiff did not, however, have to remain in Missaukee County for all of those 10 days for that county to be his residence. See *Ramamoorthi*, 323 Mich App at 332; *Berger*, 277 Mich App at 703. Plaintiff established that he returned to Kent County to work, but no longer considered it his residence. Therefore, the trial court did not clearly err by finding that plaintiff met the 10-day requirement of MCL 552.9(1).

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Adrienne N. Young