GAUDREAU v KELLY

Docket No. 304345. Submitted October 9, 2012, at Detroit. Decided October 16, 2012, at 9:15 a.m.

Serge and Claire Gaudreau filed an action in the Oakland Circuit Court against Joseph James Brian Kelly, seeking to enforce a child support order entered in the Canada Superior Court, Province of Quebec, District of Quebec, by Claude Bouchard, J. Plaintiffs, the maternal grandparents, were awarded custody of the minor children in 2009 and defendant was ordered to pay monthly child support. Plaintiffs unsuccessfully attempted to collect the child support from defendant in Canada. Because defendant was then living and working in the United States, plaintiffs sought to register and enforce the Quebec child support order with the Oakland County Friend of the Court, which was denied. Plaintiffs filed the instant action, requesting that that the circuit court declare Quebec a reciprocating state for purposes of the Revised Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.*, register and enforce the Quebec child support order, and require defendant to pay the arrearage. The circuit court, Joan E. Young, J., granted the motion and defendant appealed.

The Court of Appeals *held*:

1. A foreign child support judgment may be enforced under either the principle of comity or the Uniform Interstate Family Support Act, MCL 552.1101 *et seq.*; the standards for relief under either avenue are different and unrelated to each other. The principle of comity is the recognition of one nation for the legislative, executive, or judicial acts of another nation while giving due regard to both the international duty and convenience of such recognition and to the rights of its own citizens or other persons under the protection of the one nation's laws. To determine whether full effect should be given to a judgment of a foreign country on the basis of comity, a court should consider (1) whether there was a full, fair, and impartial trial before the foreign court, (2) whether the party appeared or there was a citation to appear in the foreign court, (3) whether an impartial administration of justice was likely to be secured between the citizens of the foreign country and those of other countries, and (4) whether there was no

evidence of prejudice in the court or the system of laws under which it was sitting or fraud in the procurement of the judgment. If these circumstances are found to exist, the foreign judgment is prima facie evidence of the truth of the matters adjudged. The circuit court correctly exercised jurisdiction on the basis of international comity and properly enforced the Quebec child support order because there was clear evidence substantiating the content of the foreign judgment. The record established that defendant had a fair hearing on the merits in Canada, that he was represented by counsel, and that he had actively participated in the proceeding. Although defendant was not present at the child support hearing, he and his attorney admittedly had notice of the hearing and had responded in writing to plaintiff's motion.

2. The focus of parenting time is to foster a strong relationship between the child and the child's parents. Parenting time is granted if it is in the best interest of the child and in a frequency, duration, and type reasonably calculated to promote strong parent-child relationships. A motion to modify parenting time may be in writing or made orally at any time. The modification of a parenting-time order is governed by the child's best interests. The circuit court did not err by enforcing the Quebec child support order even though defendant was not awarded parenting time in the Quebec order. There is no evidence that defendant requested an award of parenting time in either litigation. A modification of parenting time was not granted because there was no evidence in the record on which to decide the issue, it would have rewarded defendant after the fact for his tactical decision to not raise the issue in either the Quebec or circuit courts, and it would have been unfair to plaintiffs who had no opportunity to address the factual allegations before it was raised for the first time on appeal.

Affirmed.

JUDGMENTS — FOREIGN JUDGMENTS — COMITY — ENFORCEMENT OF CHILD SUPPORT ORDERS.

A foreign child support judgment may be enforced under either the principle of comity or the Uniform Interstate Family Support Act, MCL 552.1101 *et seq.*; the standards for relief under either avenue are different and unrelated to each other; the principle of comity is the recognition of one nation for the legislative, executive, or judicial acts of another nation while giving due regard to both the international duty and convenience of such recognition and to the rights of its own citizens or other persons under the protection of the one nation's laws; to determine whether full effect should be given to a judgment of a foreign country on the basis of comity, a

court should consider (1) whether there was a full, fair, and impartial trial before the foreign court, (2) whether the party appeared or there was a citation to appear in the foreign court, (3) whether an impartial administration of justice was likely to be secured between the citizens of the foreign country and those of other countries, and (4) whether there was no evidence of prejudice in the court or the system of laws under which it was sitting or fraud in the procurement of the judgment; if these circumstances are found to exist, the foreign judgment is prima facie evidence of the truth of the matters adjudged.

*David K. Sucher, P.C.* (by *David K. Sucher*), for Serge and Claire Gaudreau.

*Robert F. White* for Joseph James Brian Kelly.

Before: OWENS, P.J., and TALBOT and WILDER, JJ.

TALBOT, J. In this matter involving the enforcement of a child support order issued in the province of Quebec, Canada, Joseph James Brian Kelly appeals as of right the trial court's order enforcing the Quebec child support order under the principle of international comity. We affirm.

Serge and Claire Gaudreau are the maternal grandparents of the two minor children for whom the Quebec support order was issued. The children began living with the Gaudreaus on July 27, 2008, because neither Kelly nor their daughter, from whom he was divorced in September 2003, was able to care for them. On February 27, 2009, the Superior Court of Canada, Province of Quebec, District of Quebec, granted the Gaudreaus custody of the children and ordered Kelly to pay monthly child support in the amount of $1,005.81 (Canadian dollars). Kelly, however, did not pay his child support and accumulated an arrearage. After unsuccessful attempts to collect child support from Kelly, who had begun to live and work in the United States, the

Gaudreaus hired an attorney in the United States. The Gaudreaus then attempted to register and enforce the Quebec child support order with the Oakland County Friend of the Court. It appears that the Friend of the Court denied their request because the United States and Quebec had not entered into a reciprocity agreement as set forth in the Uniform Interstate Family Support Act (UIFSA).[1] The Gaudreaus then filed a complaint for child support, requesting in pertinent part that the trial court declare Quebec a reciprocating state,[2] register and enforce the Quebec child support order, and require Kelly to immediately pay the arrearage. The trial court subsequently granted the Gaudreaus' complaint for support and found that it had subject-matter jurisdiction to enforce the judgment under the principle of comity.

Kelly argues that because Quebec is not a reciprocating state under the UIFSA, the trial court's reliance on comity to enforce the Quebec child support order violated this state's public policy as contained in the UIFSA. We disagree. Both the trial court's determination that it had subject-matter jurisdiction[3] and that the foreign judgment was appropriately enforced based on the principle of comity[4] are reviewed de novo by this Court. This Court reviews for clear error a trial court's findings of fact.[5] In the application of the clearly erroneous standard, "regard shall be given to the special

---

[1] MCL 552.1101 *et seq.*

[2] MCL 780.151 *et seq.* (Revised Uniform Reciprocal Enforcement of Support Act).

[3] *Rudolph Steiner Sch of Ann Arbor v Ann Arbor Charter Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999).

[4] *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 214; 813 NW2d 752 (2011).

[5] MCR 2.613(C); *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003).

opportunity of the trial court to judge the credibility of the witnesses who appeared before it."[6] "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."[7]

It is well-settled that the principle of comity is "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws."[8] Comity "is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other."[9] To determine whether a court should give full effect to a judgment of a foreign country on the basis of comity, the following factors should be applied:

> [W]here there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court[] or in the system of laws under which it was sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect, the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an

---

[6] MCR 2.613(C).

[7] *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000).

[8] *Dart v Dart*, 460 Mich 573, 580; 597 NW2d 82 (1999) (citation and quotation marks omitted).

[9] *Hilton v Guyot*, 159 US 113, 163-164; 16 S Ct 139; 40 L Ed 95 (1895).

appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact.[10]

Before comity is invoked and a final decision is imposed on a party, "it is the paramount duty of the court before which any suit is brought to see to it that the parties have had a fair and impartial trial[.]"[11] As explained by our country's Supreme Court:

> When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens, to recover a sum of money adjudged by a court of that country to be due from the defendant to the plaintiff, and the foreign judgment appears to have been rendered by a competent court having jurisdiction of the cause and of the parties, and upon due allegations and proofs and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that by the principles of international law and by the comity of our own country it should not be given full credit and effect.[12]

In this case, the trial court found that it had been presented with "clear and formal pleadings of record filed in the Quebec court." The trial court specifically held that "[i]t is evident from the February 27, 2010 [sic] Order in Quebec, Canada that [Kelly] had a fair hearing on the merits and that he was represented by counsel, and actively participated in the proceeding." The Quebec order is signed by the Honorable Claude

[10] *Dart*, 460 Mich at 581, quoting *Hilton*, 159 US at 202-203 (quotation marks omitted).

[11] *Hilton*, 159 US at 205.

[12] *Id*. at 205-206.

Bouchard, dated February 27, 2009, and is part of the lower court record. The Quebec order notes that the Quebec court was in receipt of the Gaudreaus' motion for custody and child support. The Quebec order also indicates that it had received Kelly's response. The Quebec order further states that on January 28, 2009, Kelly had been ordered to appear at the hearing regarding the Gaudreaus' motion that took place on February 23, 2009.

Kelly testified that he was aware of the proceedings in Quebec and that he had retained an attorney to represent him in those proceedings. Although neither Kelly nor his attorney were present at the hearing, there is documentary evidence that both Kelly and his attorney had notice of the hearing in Quebec regarding child support and Kelly's attorney responded to the Gaudreaus' motion. At the instant evidentiary hearing, Kelly testified that there was nothing that had prevented him from appearing at the hearing other than "the hardship of getting there." Clearly, Kelly had every opportunity to take part in the hearing and defend against the Gaudreaus' allegations.

Regarding the calculation of benefits, the Gaudreaus' Canadian attorney, Sandra Armanda, sent a series of letters to Kelly's Canadian attorney and those letters are part of the record. Appended to the letters are the Quebec regulations regarding the determination of child support, including a schedule I form for Kelly to use to calculate his own child support under the Canadian regulations, and a schedule II form, which is the basic parental contribution determination table. At the evidentiary hearing in the instant case, Armanda testified at length and with specificity regarding how she had calculated the child support number using Kelly's W-2, the children's mother's income, the Quebec child

support schedules, and a conversion from American dollars to Canadian dollars and submitted them to the Quebec court. At the evidentiary hearing, Kelly confirmed the annual income reported on his W-2. Armanda also provided information regarding Quebec's child support collection procedures in the event child support is not timely paid.

The record here contains ample evidence substantiating the content of the foreign judgment.[13] In fact, in the trial court and on appeal, Kelly does not challenge the veracity of the proceedings in the Quebec court, notice or his opportunity to respond, custody of his minor children, or how the monthly child support obligation had been calculated and established. Kelly instead seeks to overlay the "substantially similar" requirement of the UIFSA[14] on the principle of comity. Kelly conflates the issues and misapprehends the fact that enforcement of a foreign judgment by a circuit court can be achieved under either theory but under vastly different, completely unrelated standards. Based on the clear evidence substantiating the content of the foreign judgment, we find that the trial court correctly exercised jurisdiction on the basis of international comity and properly enforced the Quebec child support order.[15]

Kelly next argues that the trial court's enforcement of the Quebec child support order was in error because the order failed to award him any parenting time. We disagree. Because Kelly raises this issue for the first time on appeal, this issue is unpreserved.[16] "Issues

---

[13] *Id.*

[14] MCL 552.1104(f).

[15] *Snyder*, 239 Mich App at 456.

[16] *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005).

raised for the first time on appeal are not ordinarily subject to review."[17] That notwithstanding, although appellate review of parenting-time orders is de novo, this Court must affirm the trial court unless its findings of fact were "against the great weight of the evidence," the court "committed a palpable abuse of discretion," or the court made "a clear legal error on a major issue."[18]

"[T]he focus of parenting time is to foster a strong relationship between the child and the child's parents."[19] "Parenting time is granted if it is in the best interest of the child and in a frequency, duration, and type reasonably calculated to promote strong parent-child relationships."[20] The child's best interests[21] govern the modification of parenting-time orders.[22]

There is no evidence in the record that Kelly ever requested parenting time with his children before the Quebec court or the trial court. Kelly admits in his brief on appeal that he raises the issue for the first time before this Court. Kelly was not required to file a written motion to modify parenting time.[23] Rather, an oral motion to modify parenting time made by Kelly "at any time" would have sufficiently placed the issue before the trial court.[24] Because Kelly never made such a request during the course of either litigation, he failed

---

[17] *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993).

[18] MCL 722.28; *Borowsky v Borowsky*, 273 Mich App 666, 688; 733 NW2d 71 (2007).

[19] *Shade v Wright*, 291 Mich App 17, 29; 805 NW2d 1 (2010).

[20] *Brown v Loveman*, 260 Mich App 576, 595; 680 NW2d 432 (2004), citing MCL 722.27a(1).

[21] MCL 722.23; MCL 722.27a(6).

[22] *Shade*, 291 Mich App at 31.

[23] *Pickering v Pickering*, 268 Mich App 1, 6-7; 706 NW2d 835 (2005); MCR 2.119(A)(1).

[24] *Pickering*, 268 Mich App at 7; MCR 2.119(A)(1); MCL 722.27a(7).

to develop any reviewable record in the lower courts. In deciding whether to modify parenting time, a trial court is required to make findings regarding the best-interest factors.[25] Because there is absolutely no record to review, modifying parenting time on this record is impossible. Also, linking a parenting-time determination to the decision to enforce the Quebec child support order would only reward Kelly after the fact for his tactical decision not to raise the issue. Moreover, it would be blatantly unfair to address this issue because the Gaudreaus did not have the opportunity to factually respond to Kelly's allegations raised for the first time on appeal. Thus, relief is not warranted.[26]

Affirmed.

OWENS, P.J., and WILDER, J., concurred with TALBOT, J.

---

[25] *Shade*, 291 Mich App at 31-32.

[26] *Borowsky*, 273 Mich App at 688.