# STATE OF MICHIGAN

# COURT OF APPEALS

TONYA K. COOK,

       Plaintiff-Appellee,

v

FRANK L. BOERSEMA,

       Defendant-Appellant.

UNPUBLISHED
December 15, 2016

No. 328923
Allegan Circuit Court
LC No. 13-052107-DO

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Frank L. Boersema, appeals as of right the circuit court's July 30, 2015 judgment of divorce, dissolving his marriage with plaintiff, Tonya K. Cook, dividing their property, and awarding one year of spousal support to plaintiff. We affirm.

On appeal, defendant's sole argument is that the circuit court erred by failing to enforce a settlement agreement placed on the record. Because defendant did not raise this specific argument before the circuit court, it is unpreserved for appellate review. See *Thames v Thames*, 191 Mich App 299, 303-304; 477 NW2d 496 (1991) ("An objection based on one ground is insufficient to preserve an appellate attack based on a different ground."). "Issues raised for the first time on appeal are not ordinarily subject to review." *Gaudreau v Kelly*, 298 Mich App 148, 155-156; 826 NW2d 164 (2012) (citation and internal quotation marks omitted). Nevertheless, we "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010). We choose to do so here. However, because defendant's argument is unpreserved, our review is limited by the plain error rule. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000) (citation and internal quotation marks omitted).

At issue in this case is the existence of a purported settlement agreement between the parties. "The existence and interpretation of a contract involves a question of law that this Court reviews de novo." *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010).

-1-

Settlements reached by the parties in a divorce are generally binding unless fraud, duress, mistake, or severe stress is present. *Id*. However, "[a]n agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney." MCR 2.507(G). Before a contract, including a settlement agreement, can be completed, there must be an offer, acceptance of that offer, and "mutual assent or a meeting of the minds on all essential terms." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452-453; 733 NW2d 766 (2006).

Applying those rules to the facts of this case, it is clear that there was no binding settlement agreement between the parties. Although the parties agreed that plaintiff was solely responsible for a specific amount taken against the marital home on the line of credit at issue, there was no binding settlement agreement in that regard. Rather, their testimony was simply the same. Plaintiff testified that she was responsible for and willing to pay back the amount at issue. Defendant testified similarly. But, there was no settlement agreement in this regard. Furthermore, despite obviously being aware of this testimony, the circuit court ultimately deemed a different division of property appropriate, and defendant's argument on appeal only addresses the existence of a binding settlement agreement, not the equity of the ultimate property division. Accordingly, the circuit court did not plainly err by failing to enforce the purported settlement agreement.

Affirmed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien